HAMILTON ERWIN v. GEORGE P. ERWIN, Executor of A. H. ERWIN, deceased.

*Action for Legacy—Construction of Will—Conditional Devise of Land.*

A testator devised a tract of land to his sister C. for life, remainder to his son G. and his children, provided G. should pay to his estate the sum of $2,000. He also, in another item, directed his executor to pay his sister C. $300 annually during her life for her partial support; the will contained no residuary clause. For a number of years before the death of C. the annuity was not paid, and the claim for the sums then due having been assigned to plaintiff. he reduced the same to judgment against the executor, and after the death of C. brought an action to subject the fund of $2,000 to the payment of the judgment, there being no other assets : *Held,* (1) That the payment of the $2,000 by G. was a condition precedent to the vesting of the devise of the remainder, and not a charge upon the land. (2) That there being no specific disposition of the $2,000, and no residuary clause, the testator died intestate as to the $2,000, which, if paid, will be subject to the satisfaction of the plaintiff's judgment ; otherwise, the land, as undevised real estate, will be subject to the payment of the judgment.

Controversy without action, heard before *Allen, J.,* at Fall Term, 1894, of BURKE Superior Court, upon an agreed statement of facts as follows :

"1. That A. H. Erwin, a citizen and resident of Burke County, died in said county on the 4th day of October, 1877, having first made and published a last will and testament appointing the defendant George P. Erwin his true and lawful executor, a copy of which said will, duly admitted to probate and recorded in the Clerk's office in Burke County, is hereto attached as part of this case.

"2. That the said George P. Erwin qualified as such executor on the 15th day of October, 1877, and immediately entered upon the duties of his said office.

"3. That according to the provisions of Item 7 of said will, which reads as follows :

" ' I give and bequeath to my sister Cecelia M. Erwin all my household and kitchen furniture and my buggy and harness, to dispose of as she pleases, and direct my executor to pay her three hundred dollars annually during her life, which will enable her to board herself where she pleases if she is not disposed to live at Belvidere, and this amount will be sufficient to support her, with the rents from Belvidere, wherever she may desire to live'—

" Cecelia M. Erwin was entitled to be paid by said executor out of the estate of the said A. H. Erwin the sum of $300 annually during her life.

" 4. That the said executor failed to pay the said sum of money to the said Cecelia M. Erwin as provided in said Item 7 of said will for a number of years, and the account therefor having been duly assigned to the plaintiff Hamilton Erwin, be brought two several suits in the Superior Court of Burke County, and recovered two several judgments thereon, to-wit, one for the sum of $1,680, with interest on $1,500 from March 21, 1892, at six per cent. per annum, and one for $210 and interest from the 20th March, 1893, to be paid by the said George P. Erwin whenever assets should come into his hands belonging to the estate of his said testator, or whenever any sum or sums of money should be due from him to said estate, or for any reason payable by him to said estate.

" 5. That the personal property belonging to the estate of said testator has been exhausted, and there are no assets with which to pay said judgments unless the funds hereinafter mentioned are liable therefor.

" 6. That Item 1 of said will is as follows :

" ' I will and devise to my sister Cecelia M. Erwin my tract of land, including this old mansion of my father, known as Belvidere, and the improvements on such parts thereof as I may not include in the specific devises in this will, to have and to hold for and during her natural life, and at her death the remainder to George P. Erwin and his children, provi-

ERWIN *v.* ERWIN.

ded he pays to my estate the sum of $2,000; my object being to keep this old family mansion in the family as long as possible.'

" 7. That Cecelia M. Erwin, the devisee for life named in said Item 1 of said will, died on the __ day of ____, 1894.

" The respective parties claim as follows:

" 1. The said Hamilton Erwin claims that he is entitled to have the said sum of $2,000, which is to be paid by the said George P. Erwin, applied to the payment of the sums due him on the judgments hereinbefore set forth.

" 2, The said George P. Erwin, executor as aforesaid, claims that the said fund is not applicable to the payment of said judgments, or any part thereof, but should be paid to the heirs of A. H. Erwin."

His Honor rendered the following judgment: " This cause coming on to be heard upon the case agreed, and the Court being of opinion that the sum of two thousand dollars, which is or should be in the hands of said executor, should be applied to the payment of the judgments mentioned in case agreed, it is now, on motion of Avery & Erwin and J. T. Perkins and S. J. Erwin, counsel for the plaintiff, considered and adjudged that the defendant G. P. Erwin, executor of A. H. Erwin, pay to the plaintiff Hamilton Erwin the said judgments out of the said sum of $2,000, which he is due said estate, as stated in the case agreed, the said judgments to be paid *pro rata*, and the cost of this proceeding to be taxed by the Clerk. This judgment is without prejudice to the rights of claims of J. W. Wilson as assignee or otherwise."

The defendant excepted to this judgment and appealed.

*Messrs. John T. Perkins* and *S. J. Erwin*, for plaintiff.
*Mr. M. Siler*, for defendant (appellant).

MACRAE, J.: The Belvidere place was devised to Cecelia

M. Erwin for her life, with remainder after her death to George P. Erwin and his children, "provided he pays to my estate the sum of two thousand dollars." It will be seen that a condition was attached to the devise of the remainder. This devise could never take effect until the payment of the sum named. This sum was not a charge upon the land, for if such were the case the estate in remainder in the land would have vested in George P. Erwin and his children, subject to a lien or charge thereon for the same. But by virtue of the condition precedent the estate in remainder could not vest until the payment of the sum named.

It will appear by Item 8 of the will that the testator intended to make further disposition, by codicil, of the personal estate and the proceeds of real estate directed to be sold, and which should remain in the hands of the executor after payment of debts and charges incident to the execution of the will and of the specific legacies. Having failed to make such disposition, it necessarily follows that he died intestate as to such portion of his estate as was not specifically devised or bequeathed, there being no residuary clause in the will. There is nothing in the will to indicate that the testator intended that the two thousand dollars to be paid by George P. Erwin should be distributed in any other manner than the balance of the personal estate. It, therefore, when paid in becomes part of the said personal estate liable for the debts, charges and legacies.

The annuity of three hundred dollars bequeathed to said Cecelia never having been paid, and her claim therefor having been duly assigned to the plaintiff and reduced to judgment, has now become a debt against the estate, and all the other personal property having been exhausted, it will be the duty of the executor to satisfy these judgments out of the said two thousand dollars if the same has been paid in. If the same shall not be paid, the condition not being fulfilled, the devise of the remainder in fee of the Belvidere place will

115—24

never take effect, and said lands will become part of the un-
devised real estate of the testator, subject to the satisfaction
of the judgments.    This was clearly the will of the testator.
His expressed desire was to keep this old family mansion in
the family as long as possible, so he devised it to Cecelia for
her life, and if George P. Erwin should pay the two thousand
dollars, then it was to go to him and his children in fee as
tenants in common.    It rests with him whether the first
desire of the testator shall be carried out.        Affirmed.